

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR - 7 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# TYLER DIVISION

| IN RE ELECTRONIC DATA SYSTEMS CORPORATION SECURITIES LITIGATION | CASE NO. 6:03-MD-1512 LEAD CASE 6:03-CV-110 ("SECURITIES") |
|---|---|
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE DAVIS |

## FINAL JUDGMENT AND ORDER OF DISMISSAL OF THE LITIGATION WITH PREJUDICE

This matter came before the Court for hearing on March 7, 2006, pursuant to the Order of this Court, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of November 22, 2005 (the "Stipulation"). Due and adequate Notice having been given to the Class as required by the Court's Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Members of the Class.

3. "Class" means a class consisting of all persons and entities who purchased or otherwise acquired the securities of EDS between February 7, 2001 through and including September 18, 2002 (the "Class Period"), and who were damaged thereby. Excluded from the Class are Defendants; members of the families of Richard H. Brown or James E. Daley; any parent, subsidiary, affiliate, partner, officer, executive, or director of any Defendant; any entity in which any such excluded person has a controlling interest; and the legal representatives, heirs, successors, and assigns of any such excluded person or entity. Excluded from the Class are those persons or entities who validly excluded themselves from the Class by June 28, 2005 as listed on Exhibit A hereto.

4. Pursuant to this Court's Practice and Procedure Order No. 20, this Court finds that the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation in all respects and finds that said Settlement is, in all respects, fair, reasonable and adequate to the Class in light of the following findings supported by Lead Plaintiff's motion for final approval of the Settlement and after consideration of all objections thereto: (i) the lack of any indicia of fraud or collusion behind the Settlement; (ii) the complexity, expense, and likely duration of this complex securities litigation; (iii) the fact that the Settlement was reached in the late stage of the proceedings following completion of fact and expert discovery and on the eve of trial; (iv) the probability of plaintiffs' success on the merits weighed against the risks of being unsuccessful at trial and/or on appeal; (v) the range of plaintiffs' possible recovery based on plaintiffs' damages expert's damages analysis; and (vi) the support of the Settlement by Lead Counsel, the institutional Lead Plaintiff and Class Representative New Jersey, the Court-appointed Mediator, and absent Class Members. The Court directs the Settling Parties to perform the terms of the Stipulation.

6. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class as listed in Exhibit A hereto, upon the Effective Date, the Lead Plaintiff does, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims and any and all Claims arising out of, relating to, or in connection with the Settlement or resolution of the Litigation against the

Released Persons, including Unknown Claims, whether or not such Class Member executes and delivers the Proof of Claim and Release. Any and all Claims for contribution or other similar causes of action are permanently barred, enjoined and finally discharged (i) as provided by 15 U.S.C. § 78u-4(f)(7)(A), and (ii) as may be provided by applicable federal or state statutes or common law. Nothing in this Stipulation shall release, bar, waive, or otherwise affect a Claim of any member of the Class to the extent such a Claim may exist in the currently pending ERISA Action; provided, however, no double recovery may be obtained in the ERISA Action by any member of the Class for the same Claims or injury alleged in this Action.

7. Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and Lead Counsel from all claims including Unknown Claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims. Each of the releases set forth or referred to in the Stipulation shall be and are hereby deemed to be in effect as of the Effective Date of the Stipulation.

8. The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class at their last known addresses who were previously identified through reasonable efforts and were previously mailed the Notice of Class Action, and who did not timely and validly exclude themselves. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth herein, including the proposed Settlement set forth in the Stipulation, to all Persons

entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

9. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding the attorneys' fees or reimbursement of expenses application or applications shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

10. Neither the Stipulation, nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement is or may be deemed or offered or received in evidence as a presumption, a concession, or an admission of any fault, liability or wrongdoing, and, except as required to enforce the Settlement, they shall not be offered or received in evidence or otherwise used by any person in these or any other actions or proceedings, whether civil, criminal, or administrative. The Released Persons may file this Stipulation and/or a potential Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory or claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation; and (d) the Settling Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

12.  The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

IT IS SO ORDERED.

DATED: _March 7, 2006_

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS